```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

    ROBERT BERTHELOT, ET AL.             CIVIL ACTION

    VERSUS                               NO: 06-9531

    SCOTTSDALE INSURANCE                 SECTION: "J" (3)
    COMPANY, ET AL.
```

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Remand. (Doc. 4.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

**BACKGROUND**

Plaintiffs own a building that was destroyed by Hurricane Katrina. They had an insurance policy procured by Powell Insurance Agency and issued by Scottsdale Insurance Company. The policy covered $150,000 for damage to the building and $30,000 for business interruption. Plaintiffs were paid some amount under the policy that they considered insufficient, so they sued defendants in state court. Scottsdale removed the case to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332 claiming that it was facially apparent from the complaint that

1

more than $75,000 was in dispute and that the local insurance agency, Powell, was improperly joined. Plaintiffs moved to remand claiming that they stated a cause of action under state law against Powell and that the jurisdictional amount was not met. Plaintiffs also filed a stipulation that the claim was not worth more than $75,000 and renouncing any recovery over that amount.

## LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. *De Aguilar*, 47 F.3d at 1412. Alternatively a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. *Id.* After a

defendant has met its burden, plaintiffs must prove to a legal certainty that its recovery will not exceed the jurisdictional amount to a obtain a remand. *Id.* A defendant must do more than point to a state law that might allow plaintiffs to recover more than they pled. *Id.* The removal statutes should be strictly construed in favor of remand. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

Defendants must be aware of the type and amount of damage that plaintiffs are claiming remains covered but unpaid. Rather than rely on the facts, however, defendants rely only on the face of the petition to establish the jurisdictional amount. Defendants concede that nothing in the petition indicates the amount of the claim. To carry their burden, defendants point to the absence of a general allegation required by Louisiana Code of Civil Procedure article 893 to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." Defendants argue that the failure to plead the lack of the federal jurisdictional amount establishes its existence, and that the post-removal stipulation should be disregarded.

Although, a stipulation cannot divest jurisdiction once it is vested in this Court, it may serve to clarify that an ambiguous petition was not removable in the first place. *Gebbia*

3

*v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Court is aware of the Report and Recommendation in *Bruce v. Fisher*, 2006 WL 2505908, *1 (W.D. La. 2006) finding that the failure to plead the lack of federal jurisdiction under article 893 "creates a 'strong presumption' in favor of jurisdiction."[1] However, in light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition creates federal jurisdiction.

The petition in this case is ambiguous on its face as to the amount in controversy. Defendants have failed to come forward with facts sufficient to establish this Court's jurisdiction. The stipulation filed in this Court forecloses on a recovery of more than $75,000 and clarifies that the jurisdictional amount has never been at issue in this case.[2] Because federal jurisdiction is lacking regardless of the propriety of joining Powell

---

[1] The recommendation cites *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S. Ct. 586, 591 (1938) in support of this proposition. However, the Supreme Court refers to a "strong presumption" when a case has been removed from state court that the parties have not colluded to claim a large amount to confer federal jurisdiction. That presumption does not seem to apply.

[2] If plaintiffs were ultimately awarded an amount in excess of this by the state court, and subsequently seek to enforce the judgment for more than $75,000.00, including attorney's fees but excluding costs and interest, defendants may then seek relief from judgment and sanctions against plaintiffs and their counsel from this Court.  <u>Midkiff v. Hershey Chocolate U.S.A.</u>, No. Civ.A. 98-1137, 1998 WL 419498, at * 1 (E.D. La. July 21, 1998).

Insurance Agency, the Court does not reach the issue of improper joinder.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 4) is **GRANTED**; the above-captioned action is **REMANDED** to the court from which it was removed.

New Orleans, Louisiana this the 6th day of March, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE